# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7050 | **DATE** | 2/23/2004 |
| **CASE TITLE** | Antonio J. Delgado, et al vs. Village of Rosemont, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 17 Mar. 04 at 9:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' Motion to Dismiss is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | FEB 24 2004 date docketed | 17 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | JXM docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | '04 FEB 23 PM 3:52 | date mailed notice | |
| WAP | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
FEB 23 2004
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

DOCKETED
FEB 24 2004

ANTONIO J. DELGADO and JAVIER M. DELGADO,

Plaintiffs,

v.

VILLAGE OF ROSEMONT, ARTHUR VLACHOS, JOSE JIMENEZ, BRIAN MINEVICH, and D. HAUSER,

Defendants.

Case No. 03 C 7050

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Plaintiffs Antonio Delgado and Javier Delgado (the "Plaintiffs") brought suit against Defendants Village of Rosemont (hereinafter, "Rosemont"), Arthur Vlachos, Jose Jimenez, Brian Minevich, and D. Hauser (hereinafter referred to as the "Individual Defendants", and when combined with Rosemont then as the "Defendants") alleging state law tort claims and violations of their federal constitutional rights. Rosemont and Individual Defendants have submitted a combined motion asking the Court to dismiss Counts II, VI (Intentional Infliction of Emotional Distress), VII, and VIII of Plaintiffs complaint, and grant summary judgment as to Count VI (Malicious Prosecution). Count II claims, also under 42 U.S.C. § 1983, that Rosemont had a policy or custom of indifference to the use of excessive force. For reasons unclear to the Court, Plaintiffs' complaint contains



no Count III or Count IV, but does contain two counts labeled "Count VI." One of these Count VI's alleges that the Individual Defendants committed the state law tort of malicious prosecution against Plaintiffs, while the other count claims they engaged in the state law tort of intentional infliction of emotional distress. Count VII asserts that Rosemont is liable "for all torts" committed by the Individual Defendants under a theory of *Respondeat Superior*. Lastly, Count VIII demands that Rosemont indemnify the Individual Defendants.

## I. BACKGROUND

The following record is mostly compiled from Plaintiffs' complaint, as the Court must accept Plaintiffs' versions of the facts as true for purposes of this motion. It has been supplemented by legal facts established through the Plaintiffs' subsequent criminal convictions.

On October 4, 2002, Plaintiffs attended a concert at the Rosemont Theater in Rosemont, Illinois. Following two minor confrontations he had with security personnel, Individual Defendants Jimenez and Vlachos (each dressed as security guards) confronted Javier Delgado and told him he was being removed from the theater. Jimenez and Vlachos then escorted him out the theater's north exit. Once outside, Jimenez grabbed Javier Delgado from behind and, without cause, shoved him into a pillar - resulting in Javier Delgado sustaining serious bleeding.

Jimenez and Vlachos continued to use excessive force against Delgado while Delgado was on the ground, and defendant Hauser soon arrived on the scene.

Antonio Delgado then exited the theater, and saw what was happening to his brother. He approached the Individual Defendants and requested that they leave Javier Delgado alone. Vlachos responded to this request by shoving Antonio Delgado into glass doors and hitting him. Vlachos and defendant Minevich then took Antonio Delgado to the ground and continued to use excessive force against him while he was on the ground.

As the Individual Defendants continued to attack the Plaintiffs, an eyewitness called 911 and reported that the Individual Defendants were assaulting Plaintiffs in the presence of uniformed Rosemont police officers. Rosemont did not investigate the complaint.

Javier and Antonio Delgado were each arrested and criminally charged with battery and resisting a peace officer. The charges of battery and resisting a peace officer were based on the same underlying factual allegations. Specifically, the criminal indictment alleged that Antonio Delgado punched Vlachos in the face and that Javier Delgado punched Jimenez in the chest. Despite this, the jury convicted both on charges of resisting a peace officer, and acquitted both of the battery charges. During the trial, the Plaintiffs allege that the Individual Defendants

perjured themselves to cover up their misconduct. Plaintiffs have appealed their criminal conviction, arguing that the jury verdicts were inconsistent and the product of improper trial court instructions. Although a hearing on their appeal was scheduled for February 6, 2004, the Court is unaware as to whether a decision has been reached yet.

## II. <u>MOTION TO DISMISS</u>

### A. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether the plaintiff has properly stated a claim upon which relief could be granted, not whether the plaintiff will ultimately prevail on the merits. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In ruling on a motion to dismiss, a court must construe all well-pleaded allegations of the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Id.* A motion to dismiss will not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### B. Count II (Municipal Liability for § 1983 Torts)

A plaintiff establishes municipal liability for a violation of his civil rights when he shows that: (1) the municipality had

an express policy that, when enforced, causes a constitutional deprivation; (2) the municipality had a widespread practice that, although not authorized by written law or express policy, is so permanent as to constitute a custom or usage within the force of law; or (3) plaintiff's constitutional injury was caused by a person with final policymaking authority. *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000).

Here, Plaintiffs proceed under the second method, alleging in their complaint that the Individual Defendants violated Plaintiffs civil rights "pursuant to one or more de facto policies, practices and/or customs of the Village of Rosemont." These de facto policies or customs consisted of: (1) the failure to properly investigate allegations of police misconduct, including excessive force; (2) the failure to properly discipline sustained allegations of police misconduct, including excessive force; (3) the failure to properly maintain records of police misconduct and allegations of police misconduct, including the use of excessive force; (4) the failure to properly hire, train, monitor and supervise police officers; and (5) permitting a "code of silence" to exist concerning police conduct.

Defendants argue that Plaintiffs' complaint fails to properly establish a municipal custom. In particular, Defendants argue that Plaintiffs do not allege instances of Rosemont police officers using excessive force other then their own personal

experiences on October 4, 2002, and therefore cannot establish the existence of a widespread practice condoning such misconduct. Although the Seventh Circuit has not directly addressed this issue, Defendants' argument does find some merit in the Northern District of Illinois. *See, Johnson v. Sandidge*, 87 F. Supp. 2d 832, 834-35 (N.D. Ill. 1999)(a single incident of constitutional rights violations cannot put a municipality on notice sufficient to impose liability); *Moennich v. Metro. Pier & Exposition Auth.*, 2003 U.S. Dist. LEXIS 20685 *8-9 (N.D. Ill. 2003)(conduct towards plaintiff not enough to show custom or pattern). However, the vast majority of recent Northern District of Illinois' opinions concur with Plaintiffs' position that, under the *McCormick* notice pleading standard, a complaint need not allege specific facts evidencing a custom of condoning widespread constitutional violations. Rather, it is enough for a complaint to make detailed allegations concerning at least one specific incident, and general inductive allegations concerning a municipality's custom or practice, provided the complaint puts the municipality on notice of the claims against it. *See, Doe v. V.*, 2003 U.S. Dist. LEXIS 17570 *5-6 (N.D. Ill. 2003) ("Boilerplate allegations concerning a policy or practice are sufficient to survive a motion to dismiss."); *Carpanzano v. College of Dupage*, 2003 U.S. Dist. LEXIS 22004 *7-8 (N.D. Ill. 2003)("If plaintiff had based her allegation of a municipal

custom on nothing more than her own experience, the court would agree that she would have failed to state a claim. . . . However, here plaintiff has also alleged that the actions of other policymakers evince a widespread custom of disciplining or terminating employees who speak out on matters of public concern."); *Murray v. City of Chicago*, 2003 U.S. Dist. LEXIS 11806 *9 (N.D. Ill. 2003)(plaintiff does not even need to specify a custom or practice, provided complaint "contains sufficient allegations to allow the City to understand the gravamen" of claim).

Here, Plaintiffs clearly allege the existence of several customs or practices that they believe condoned violations of their civil rights. Plaintiffs also put Defendants on notice as to the specifics of their claims - the events of October 4, 2002, and Plaintiffs' subsequent prosecution. Therefore, at this stage, Plaintiffs' Count II claim against Rosemont survives on these grounds.

On different grounds, Defendants also challenge Plaintiffs' Count II claim that Rosemont is liable for Individual Defendants' conduct under a failure to properly train theory. Defendants argue that municipalities face § 1983 liability stemming from a failure to train only when that failure amounts to deliberate indifference to the rights of those whom the police come into contact. *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989).

Although Defendants enunciate the law properly, their argument still fails because Plaintiffs' complaint meets the necessary pleading requirements. Specifically, the complaint states that "the aforementioned policies, practices, and customs individually or together have been maintained and/or implemented with deliberate indifference by the Village of Rosemont." Defendants do not meet their burden of showing that Plaintiffs' "can prove no set of facts in support of [their] claims which would entitle [them] to relief." *Conley,* 355 U.S. at 45-46.

### C. Count VI (Intentional Infliction of Emotional Distress)

Defendants also contest Plaintiffs' claims for intentional infliction of emotional distress. Defendants argue that, under applicable Illinois law, while a pattern of acts can give rise to this tort, a single event cannot. In doing so, Defendants' misconstrue Illinois law. Defendants' case citations concern claims such as harassment, in which a single violation would cause too little harm to constitute intentional infliction of emotional distress, but repeated serial conduct might – when viewed collectively. However, Illinois also holds that a single incident of sufficiently outrageous conduct can qualify as intentional infliction of emotional distress. *Kolegas v. Heftel Broadcasting Corp.,* 154 Ill. 2d 1, 22 (1992)(single incident of radio personalities ridiculing individual qualified as

intentional infliction of emotional distress). Here, Plaintiffs allege that Defendants, among other things, savagely and publicly engaged in the excessive use of force against them. This certainly meets the Illinois threshold that the questioned conduct "be so extreme as to go beyond all possible bounds of decency and be regarded as intolerable in a civilized community." *Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 274 (2002). Therefore, Defendants motion as to Count VI (Intentional Infliction of Emotional Distress) is denied.

### D. Count VII (*Respondeat Superior*)

Defendants challenge Count VII on the grounds that it improperly seeks to hold Rosemont liable for the 42 U.S.C. § 1983 torts allegedly committed by Individual Defendants. In response, Plaintiffs' deny that Count VII applies to their federal claims, insisting that they seek only to hold Rosemont liable for the Individual Defendants' state tort violations. Since Defendants do not contest Count VII legitimacy as to the state tort claims, the Court denies Defendants' motion to dismiss this claim. However, the Court will hold Plaintiffs' to its agreed interpretation that Count VII does not concern any 42 U.S.C. § 1983 claims.

### E. Count VIII (Indemnification)

Defendants also seeks to dismiss Plaintiffs' Count VIII, which demands that Rosemont indemnify Individual Defendants for

their liability. Defendants make a meritorious argument. To acquire standing in federal court, a plaintiff must demonstrate: (1) an injury that is concrete, particularized, and actual or imminent rather than conjectural or hypothetical; (2) a causal connection between the injury and the challenged conduct; and (3) a likelihood that the injury will be redressed by a favorable decision. *Perry v. Sheahan*, 222 F. 3d 309, 313 (7th Cir. 2000). Here, Plaintiffs' fail to satisfy even the first criteria. Plaintiffs' Count VIII seeks to remedy the highly theoretical injury: that Plaintiffs will win a jury verdict against the Individual Defendants, and that the jury will award them such a large amount of money that the Individual Defendants will find themselves unable to fully satisfy the judgment. Since Plaintiffs have not demonstrated that Count VIII concerns a present case or controversy, Count VIII is dismissed.

### III. SUMMARY JUDGMENT

#### A. Standard of Review

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is "material" if it could affect the outcome of the suit under the governing law; a dispute is "genuine" where

the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The burden is initially upon the movant to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party "may not rest upon the mere allegations" contained in its pleading, but rather "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Becker v. Tenenbaum-Hill Assoc., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989).

### B. Count VI (Malicious Prosecution)

Under Illinois law, a plaintiff pursuing a malicious prosecution claim must prove: (1) The commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) The termination of the proceeding in favor of the plaintiff; (3) The absence of probable cause for such proceeding; (4) The presence of malice; and (5) Damages resulting to the plaintiff. *Swick v. Liautaud*, 169 Ill.2d 504, 512 (1996).

Here, Defendants note that although both Plaintiffs were acquitted on the battery charges, each of them got convicted for

resisting a peace officer. Defendants contend, and Plaintiffs do not dispute, that both charges were predicated upon the same underlying factual allegations - that Antonio Delgado punched Vlachos in the face, and Javier Delgado punched Jimenez in the chest. Since the jury found both Plaintiffs guilty of *one* of the crimes arising out of this allegation, Defendants argue that as a matter of law, probable cause must have existed to prosecute Plaintiffs for battery.

Plaintiffs responds by asking that the Court enter and continue Defendants' motion until after a criminal court decides the merits of their criminal appeals. Plaintiffs' reply brief, dated January 2, 2004, states that a criminal court was scheduled to hear their appeal on February 6, 2004. To date, the Court has not heard further from Plaintiffs as to whether their appeal succeeded, failed, or has yet to be decided. Therefore, on this motion the Court today issues only a conditional ruling, to be further clarified upon learning the results of Plaintiffs' criminal appeal. If Plaintiffs' criminal appeal has succeeded, the basis for Defendants' summary judgment motion ceases to exist, and therefore the Court denies it. Likewise, if Plaintiffs' criminal appeal has already failed, then Defendants' summary judgment motion must be granted as Plaintiffs have failed to contest it on any other ground. They certainly have not met their summary judgment burden of setting forth "specific facts

showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). However, if the criminal court has not yet issued a final order concerning the fate of Plaintiffs' criminal appeals, the Court stays a final ruling on this motion until after such a decision is made, at which time it will order results consistent with this opinion.

## IV  CONCLUSION

For the reasons stated herein, the Defendants' Motion to Dismiss is granted in part and denied in part as follows:

1. Defendants' Motion to Dismiss Counts II, VI (Malicious Prosecution), and VII is denied.

2. Defendants' Motion to Dismiss Count VIII is granted.

3. Defendants' Motion for Summary Judgment as to Count VI (Malicious Prosecution) is granted.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: February 23, 2004